UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


TRINITY INVESTMENT, LLC                                           PLAINTIFF

v.                                        CIVIL ACTION NO. 3:12CV-188-S

GAJA INTERNATIONAL, INC., et al.                        DEFENDANTS


### **MEMORANDUM OPINION**

This matter is before the court on motion of the plaintiff, Trinity Investment, LLC, to dismiss the defendants' counterclaim for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

Trinity Investment, LLC filed suit against a purported capital investment firm, Gaja International, Inc. and two individuals, Abir and Geetanjali Maru, for fraud. Trinity alleges that it paid $75,000.00 in exchange for the commitment of Gaja to provide Trinity with two multi-million dollar lines of credit. The complaint alleges that the defendants represented that they were worth billions of dollars and owned a bank with billions of dollars in assets. Trinity contends that despite repeated assurances over a number of months that funds would be forthcoming, the defendants never provided Trinity any money. Trinity also alleges that the defendants induced a Trinity "affiliate" to lend the Marus $20,000.00 for the purchase of a home on the agreement to repay the loan within five days. The complaint states that the loan was assigned to Trinity, that Trinity has made demand for payment, but that the Marus have refused to repay the loan.

The defendants answered the complaint *pro se* and denied all of the allegations against them. They also filed a counterclaim in which they allege that Trinity failed to advise them that W.

Anthony Huff (1) was the principal of Trinity; (2) was allegedly named a co-conspirator in a criminal complaint in New York; (3) was the subject of a grand jury investigation; (4) was allegedly found to have committed securities fraud in Florida and purportedly was found liable for damages of $14,000,000.00. The defendants conclude that "[t]he failure to advise [defendants] of the criminal action in New York and the SEC action in the Southern District of Florida and the determination in the Southern District of Florida has caused [defendants] substantial loss of profits and funds." DN 8.

Trinity has moved to dismiss the defendants' counterclaim on the ground that it fails to state a claim for relief. The defendants have not responded to the motion.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The counterclaim contains nothing more than a series of statements by the defendants unrelated to an claim or legal theory. The defendants contend that they did not know of Huff's purported involvement with Trinity or anything about Huff's background. They state that they were

somehow caused to lose money, but the statements are wholly insufficient to state a plausible claim for relief.

Therefore, the motion to dismiss the counterclaim will be granted by separate order.

**IT IS SO ORDERED.**

July 23, 2012

**Charles R. Simpson III, Judge
United States District Court**